UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LINDA VOSS,   Misc. No. 13-101

                Attorney.
_____/

Memorandum After Disciplinary Hearing
_____

I. Introduction

      Pursuant to Local Rule 11-6(a)(2), bankruptcy judges Dennis Montali and Charles Novack have found cause to refer to the undersigned the conduct of attorney Linda Voss for disciplinary action. The court conducted a hearing in relation to her conduct on May 10, 2013, with Voss attending. After considering the allegations of misconduct, most of which are admitted by Voss, and considering her written responses thereto, the court makes the following findings regarding her professional conduct. Because both referrals involve essentially the same behavior, the court addresses them in a single memorandum.

II. Judge Montali's Referral

      Judge Montali's referral regards Voss' conduct in regards to distressed real property at 9349 Rose Street in Bellflower, California, and repeated filings by one Deogracias Andres and his wife, Norma Andres. They operated a retirement center known as Christian Manor on that property.

      Norma Andres filed a Chapter 13 petition *pro se* in the Central District of California on January 27, 2012. She claimed that she owned an interest in the Rose Street property, stopping the pending foreclosure. When this case was dismissed for failure of Andres to appear, she filed another

1

bankruptcy petition, again *pro se.* In addition, at least two other petitions were filed in unsuccessful attempts to stop foreclosure of the property. A wrongful foreclosure action was filed in state court and dismissed with prejudice, and judgment was entered in state court in favor of the foreclosing bank on an unlawful detainer action, after removal of the action to federal court and remand. All this occurred before any apparent involvement by Voss.

A judgment for possession was finally entered by the state court on December 14, 2012. Between that date and February 13, 2013, Voss filed six bankruptcy petitions attempting to thwart enforcement of the judgment. She filed four of the cases in the Central District of California: two on behalf of Christian Manor (12-bk-51894-BR and 13-bk-10554-TD, the latter filed as "Christian Manor aka Norma Andres) and two on behalf of Deogracias Andres (12-bk-51865-TD and 13-bk-10695). All were filed as "skeleton" petitions and all were dismissed for failure to file required documents. Two of the cases were dismissed with a 180-day bar to refiling.

On February 6, 2013, Voss filed a petition on behalf of Deogracias Andres in the Oakland Division of this court (13-40689-WL). The case was dismissed two days later by Judge Lafferty as having been filed in violation of the 180-day bar issued by Judge Campbell of the Central District just a few days earlier.

On February 13, 2013, Voss filed yet another petition on behalf of Norma Andres. This was also filed in this district and assigned to Judge Montali (13-30324-DM). Voss then removed the state court unlawful detainer action to Judge Montali's court, even though there was already a final judgment in the case (AP 13-3015-DM). After considering the 13-page brief filed by United Pacific Bank in that case, Judge Montali remanded the adversary proceeding to state court and referred the conduct of Voss in these cases to the undersigned for appropriate discipline.

The court has no difficulty finding that Voss committed willful misconduct in this case and acted in bad faith. The sole purpose of Voss' actions was to hinder and delay United Pacific Bank from exercising its legal rights even though Voss knew her actions were not lawful and her client had long-since exhausted all her legitimate rights.

The court finds nothing redeeming in Voss' argument that her actions were justified because "[t]he Plaintiff in the state court action wrongfully foreclosed on Mrs. Andres' property." Not only had a complaint alleging this been dismissed with prejudice, but judgment had been entered in the unlawful detainer action. As an officer of the court, Voss was not entitled to treat duly rendered judgments as nullities merely because she believed them wrongly decided or unjust.

III. Judge Novack's Referral

While Judge Montali's referral involved six bankruptcy cases filed by Voss in relation to a single property, Judge Novack's referral is more sweeping in nature and involves a pattern of practice similar in nature to the Andres case but far more pervasive, involving misconduct in almost all of the cases Voss has filed in this district. After referral to the undersigned, the U.S. Trustee has augmented the record with the following allegations:

1. Between January 1, 2012, and April 26, 2013, Voss filed 83 cases in California bankruptcy courts. The overwhelming majority of these cases have hallmarks of bad faith filings, including skeleton filings with only foreclosing creditors listed, failure to file required documents and failure to appear for hearings. Sixty-six of the 83 cases have been dismissed for defects or lack of appearance, and dismissal motions are pending in several more. Eleven of the cases were dismissed with a 180-day bar to re-filing, and three were dismissed with a one-year bar.

2. Seventy-three of the 83 cases were either filed with no list of creditors or a list of creditors containing the names of one or two secured creditors and no unsecured creditors.

3. Thirty-nine of the 83 cases were repeat filers, including some debtors who filed eight, nine and ten times each. The petitions in most of these cases were false, in that they failed to disclose the prior filings.

4. In 54 of the 83 cases, Voss failed to disclose her compensation as required by § 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure.

5. In two cases, Voss filed petitions in violation of bars to re-filing.

3

The court has limited itself to cases filed in this district and makes the following findings in relation to those cases, after review of the relevant dockets and files:

1. Official Form No. 1 requires that bankruptcy petitions list all prior cases filed by the same debtor within the previous 8 years. In 23 cases filed in this district, Voss filed a false petition on behalf of a client by failing to disclose prior filings by that client within 8 years as required. In 18 of those cases, there were at least two undisclosed prior filings. In one case there were 8 undisclosed prior cases, and in one case 11 undisclosed prior cases. Voss herself filed at least 10 of the undisclosed prior cases. A detailed list is attached as Appendix A to this memorandum.

2. In at least 31 cases filed in this district, Voss failed to file a disclosure of compensation as required by § 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. These cases are listed in Appendix B. This is a serious violation of the law, especially given Voss' justification discussed in Part V below. Voss would have the court find that her actions, however misguided, were motivated by concerns for the dispossessed. However, by not disclosing her compensation Voss leaves the court with no way of knowing if this is the truth or she is simply one of many unethical persons who take advantage of the desperation of debtors in financial distress by promising relief they know they cannot obtain while charging excessive fees.

3. As outlined by the U.S. Trustee, Voss has engaged in repeatedly filing cases only to harass and delay creditors and with no true intent to confirm a plan of reorganization or obtain a discharge. Of the 31 bankruptcy cases filed by Voss in this district, almost all were dismissed due to failure of the debtor to appear as ordered or file required documents. Four cases are still pending without any indication of being prosecuted. A list of such cases is attached as Appendix C. The court finds that these cases establish a pattern of repeated bad faith filings by Voss, intended only to hinder and delay creditors and without any intent to seek legitimate relief.[1]

---

[1] In 2005, Congress amended § 362(c) of the Bankruptcy Code to provided limited or no automatic stay in some cases filed in bad faith. However, as Voss has discovered, strategically timed filings, filings in remote venues and removal tactics can thwart the intentions of Congress.

4

IV.  Failure to Maintain Records

As serious as the above transgressions is Voss' violation of B.L.R. 5005-2(c), which provides:

> The electronic filing of a document purportedly signed by someone other than the Registered Participant, including but not limited to the petition, statement of financial affairs, and schedules of assets and liabilities, shall be deemed a certification by the Registered Participant that he or she has the document in question, bearing the person's original signature, in his or her physical possession. The Registered Participant must produce the original signed document on request by the Court and the Registered Participant shall retain the document bearing the original signature until five years after the case or adversary proceeding in which the document was filed is closed.

Because of the appearance in some cases that Voss had filed a bankruptcy petition without obtaining the signature of the debtor, the court ordered Voss to produce the original signed petition in all cases she filed in this district in 2012.  In at least four of those cases, listed in Appendix D, she is unable to produce even a photocopy of the original petition.   Not only does this show a regular practice of ignoring the rule, but it leaves Voss unable to prove that many of her clients were properly counseled, or even knew about, bankruptcies filed in their names.  The court has seen several instances where debtors paid substantial sums to attorneys or petition preparers who promised to stop a foreclosure or eviction without informing the debtor that a bankruptcy was involved.  By failing to keep the original signed petition in each of her cases, Voss is unable to show that all her bankruptcy petitions have been authorized by her clients.

V.  Voss' Response

Voss has filed a lengthy response to the court's order to show cause, which can be fairly summed up as asserting her belief that her actions were justified by her perceived dishonesty of the banking industry.  In her own words:

> 11. Even with all the new laws, media attention and lawsuits being filed, the banks continue to be in violation of the National Mortgage Settlement Agreement and the California Homeowner Bill of Rights. According to recent reporting, the National Mortgage Settlement has not resulted in the desired compliance by the banks. See article entitled *NY AG Schneiderman and tries to Make the Enforcement Fraud Settlement Meaningful*, by Abigail Caplovitz Field, dated May 7, 2013, at http://abigailcfield.com/?p=1594, a copy of which is also attached hereto as Exhibit 1 and incorporated herein by this reference.

5

> 12. Moreover, the fraud of the banks and the money they have made as a result continue to make the news and the amounts of money my clients are receiving for wrongfully foreclosed homes would be laughable if it weren't so sad. Please see the article, *While Wronged Homeowners Got $300 Apiece in Foreclosure Settlement, Consultants Who Helped Protect Banks Got $2 Billion* written by Matt Taibbi on April 26, 2013, attached as Exhibit 2 and incorporated herein by this reference.
>
> . . . .
>
> 36. In hindsight, my knowledge of the issues regarding the filing of fraudulent documents by the banks, my wanting to help my clients preserve their rights in their homes along with the please of my clients for assistance, probably clouded my judgment when I agreed to file my client's Bankruptcy petitions. I now also realize that I did not have as much education or experience as I should have to represent clients before the Bankruptcy Court.

This defense is in fact the strongest argument that Voss should be disbarred. There is no room in the legal profession for an attorney who believes that abuse of the legal system is justified by the conduct of the adverse party even if that party has done despicable things. This is so even when there is actual evidence of wrongdoing rather than magazine articles and newspaper stories, and even when the adverse party has actually harmed a client rather than merely belonging to a class suspected of unlawful activity. There is no room in a court of the United States for an attorney who believes that unethical conduct is excused by the nature of the adversary or that the ends justify the means.

VI. Ethical Violations

In addition to violating technical rules governing the conduct of attorneys practicing bankruptcy law in this circuit, Voss' actions rise to the level of unethical conduct under both state and federal law. Rule 3-200(A) of the California State Bar Rules of Professional Conduct forbids a member of the bar from accepting employment if the attorney knows that the objective of such employment is to bring an action without probable cause and for the purpose of harassing or malicious injuring another person. Rule 9011(a) of the Federal Rules of Bankruptcy Procedure provides that by filing a bankruptcy petition an attorney certifies that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation and that the legal positions are warranted by existing law or an nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. By filing dozens of cases with no intent to reorganize or

6

seek a discharge and for the purpose of frustrating secured creditors in the lawful pursuit of their rights, Voss has violated both rules.

Courts have consistently employed Rule 9011 to sanction debtors and attorneys for filing bankruptcy petitions only to hinder or delay creditors. See, e.g., *In re Silberkraus*, 336 F.3d 864, 871 (9th Cir. 2003) [upholding sanctions under Rule 9011 where the bankruptcy court found that the petitioner filed in bad faith to avoid state court action]; *In re Coones Ranch, Inc*., 7 F.3d 740, 742 (8th Cir.1993) [upholding sanctions where the bankruptcy court found the petition was filed without any hope of reorganization and for the purpose of avoiding the result of a state court decision]; *Cinema Serv. Corp. v. Edbee Corp*., 774 F.2d 584, 586 (3d Cir.1985) [upholding Rule 9011 sanctions where the bankruptcy judge found that the petition was filed not to reorganize but solely to delay a single creditor with a state court judgment]; *In re Schaeffer Salt Recovery, Inc*., 444 B.R. 286, 295 (Bkrtcy.D.N.J. 2011) [applying Rule 9011 sanctions where the debtor filed for no purpose other than to delay a tax foreclosure]; and Chief Bankruptcy Judge Judith Wizmur's thorough decision in *Matter of Antonelli*, 2012 WL 280722 (Bkrtcy.D.N.J. 2012)[sanctioning a bankruptcy attorney for filing a Chapter 13 petition "for no other purpose than to delay the eviction proceedings . . . for as long as possible without meaningful means to reorganize in a Chapter 13 case."].

Likewise, the repeated filing of bankruptcy cases with the intent of hindering the lawful rights of creditors violates the California rules of professional conduct. A lawyer has an ethical obligation not to clog the courts with frivolous cases. *Standing Com. on Discipline of the U.S. v. Ross,* 735 F.2d 1168, 1171 (9th Cir. 1984).

In determining whether sanctions are warranted, the court should consider "both frivolousness and improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." *In re Silberkraus*, 336 F.3d at 870. In the vast majority of bankruptcy cases filed by Voss there is no need to "slide the scale" because her cases were both filed for an improper purpose *and* frivolous. In almost all her cases, as listed in Appendix C, Voss made no attempt to justify the filing or prosecute the case.

7

Even a single instance of bad faith filing calls for a sanction. Voss' conduct in the Andres case alone calls for a significant suspension from practice. The dozens of other cases filed by Voss in bad faith, as set forth in the U.S. Trustee's pleadings and the public dockets of this court, compel the court to the conclusion that at least a suspension from practice is necessary. Nothing less is sufficient to deter Voss' repeated bad faith filings. The bankruptcy court has the inherent power to suspend or disbar an attorney practicing before it. *In re Lehtinen,* 564 F.3d 1052, 1062 (9th Cir. 2009); *In re Crayton,* 192 B.R. 970, 976 (9th Cir. BAP 1996). This is a case where the exercise of such power is necessary.

Voss has presented very little to the court in mitigation. Her response is far more damning than exculpatory, as her primary argument is the unlawful conduct of banks in general justifies her own bad faith conduct. Aside from a small amount of belated contriteness and no other record of public discipline, there is little to dissuade the court from a lengthy suspension or even disbarment.

VII. Summary

Voss violated Rule 3-200(A) and Rule 9011 by filing the Andres case before Judge Montali and removing a state court unlawful detainer action with a final judgment for possession to his court. This was willful misconduct done in bad faith, as Voss knew that the bases for her claims had already been finally adjudicated.

Voss violated Rule 3-200(A) and Rule 9011 by filing the cases listed in Appendix C in bad faith, as she had no intent to prosecute the cases or seek reorganization or discharge on behalf of her clients.

Voss violated Rule 3-200(A) and Rule 9011 by filing case No. 13-40689-WL in knowing violation of a court order barring that filing.[2] The court rejects as unconvincing her uncorroborated

---

[2] Given her numerous abusive filings, the court finds unconvincing her assertion that this filing was filed in error due to a "miscommunication."

8

defense that this was a mere mistake.

Voss violated Rule 9011 by filing 23 false bankruptcy petitions failing to disclose up to 11 prior filings by the same debtor within 8 years. In all cases, she knew that the petitions were false.

Voss violated B.L.R. 5005-2(c) by failing to produce the original signed copies of at least 4 cases she filed in this district in 2012 alone after request by the court to produce them.

Voss violated § 329(a) of the Bankruptcy Code and Rule 2016(b) by failing to disclose her compensation in at least 31 cases filed in this district.

VIII. Sanctions

The court finds that a suspension of some length is necessary to maintain the integrity of the Bankruptcy Code, the court and the attorneys who practice before it. Voss will accordingly be suspended from practice in the bankruptcy courts of the Northern District of California for a period of 30 months, commencing immediately. During the period of her suspension, Voss may not appear in any bankruptcy court in this district except on her own behalf, may not file any documents in said courts except on her own behalf and to file compensation disclosure statements, and may not counsel or advise any debtor regarding the filing of a bankruptcy petition in this district whether or not she is compensated and whether or not she appears as attorney of record. The Clerk of the Court shall be instructed to suspend Voss' electronic filing privileges until she is reinstated.

The court finds that a monetary fine is necessary to enforce Rules 2016(b) and B.L.R. 5005-2(c).[3] The court will order Voss to pay a fine of $50,000.00 on account of violations of these rules. However, payment of all but $10,000.00 of this fine will be stayed so long as Voss never again violates

---

[3] The usual sanction for failure to comply with Rule 2016(b) is partial or full forfeiture of fees. *In re Basham,* 208 B.R. 926, 931 (9th Cir. BAP 1997). That does not work in this case because the failure is pervasive rather than an isolated instance or two. The court has no idea what Voss' actual compensation was and review of each individual case would be too cumbersome. A monetary fine, mostly stayed, is the best method to insure that Voss complies with the rule in the future. Once she has filed her disclosures, individual judges can review her compensation for reasonableness.

9

either of these rules or any provision of the order the court will enter pursuant to this Memorandum. The unstayed portion of this fine must be paid before Voss is reinstated.

The court orders Voss to pay a fine of $5,000.00 to the Clerk of the Court on account of her filing case 13-40689-WL in knowing violation of an order barring her client from filing more cases. This fine must be paid before she is reinstated.

Voss shall be forever enjoined from filing any bankruptcy petition or assisting a debtor in filing a bankruptcy petition not accompanied by a complete, verified list of creditors, both secured and unsecured, and without full disclosure of all prior cases filed, whether or not she identifies herself as the attorney of record. She shall also be enjoined from filing any bankruptcy petition electronically unless she has the signed original petition in her possession at the time of filing.

After her suspension is completed, Voss may seek reinstatement from the then chief bankruptcy judge after doing the following:

A. Certifying that she has filed a proper fee disclosure in every case in this district she has ever filed or for which she received compensation. Where a case has been closed without such fee disclosure, Voss shall pay the reopening fee. Each certification shall recite that she has disclosed all compensation received from the debtor or on account of that debtor in the 180 days before and the 180 days after the filing, whether or not the payment was on account of the bankruptcy, and shall include compensation paid to any entity in which Voss has or had an interest.

B. Certifying that she has paid the sum of $15,000.00 to the Clerk of the Court on account of the unstayed fines set forth above.

C. Certifying that she has taken and passed the Multistate Professional Responsibility Examination after entry of the order on this Memorandum.

The Clerk of the Court shall send a copy of this Memorandum and the Order entered with it to the Chief Judge of the District Court, the chief bankruptcy judges of the Eastern, Central and Southern Districts of California, and the State Bar of California for such other and further disciplinary action as they may deem appropriate.

The court reserves to the chief bankruptcy judge of this district jurisdiction to interpret and enforce the terms of the order the court will enter pursuant to this Memorandum.

This Memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. A separate order will be entered.

Dated: May 17, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

Appendix A

Petitions Filed Without Disclosure of Prior Cases

| Case Number | Number of Undisclosed Prior Cases Within 8 Years |
|---|---|
| 12-52581 | 2 |
| 12-3161 | 1 |
| 12-46951 | 4 |
| 12-47830 | 1 |
| 12-12796 | 1 |
| 12-57768 | 3 |
| 12-33169 | 1 |
| 12-49209 | 2 (Voss attorney of record in one) |
| 12-33619 | 8 |
| 13-50058 | 2 (Voss attorney of record in one) |
| 13-30030 | 2 (Voss attorney of record in one) |
| 13-40219 | 1 (Voss attorney of record) |
| 13-10108 | 6 |
| 13-30136 | 2 |
| 13-50418 | 2 (Voss attorney of record in one) |
| 13-30168 | 2 |
| 13-40688 | 3 |
| 13-40689 | 2 (Voss attorney of record in both) |
| 13-30267 | 11 (Voss attorney of record in one) |
| 13-50789 | 1 (Voss attorney of record) |
| 13-30373 | 1 |
| 13-51042 | 2 (Voss attorney of record in one) |
| 13-41233 | 3 (Voss attorney of record in two) |

12

Appendix B

Cases without Fee Disclosure

| Case Number | |
|---|---|
| 10-59763 | 13-30373 |
| 12-50268 | 13-51042 |
| 12-52581 | 13-41233 |
| 12-31612 | 13-30467 |
| 12-54294 | 13-51236 |
| 12-54796 | 13-24548 |
| 12-46415 | |
| 12-46810 | |
| 12-46951 | |
| 12-47583 | |
| 12-47830 | |
| 12-47834 | |
| 12-32723 | |
| 12-56980 (blank disclosure) | |
| 12-12796 | |
| 12-57768 | |
| 12-33169 | |
| 13-30030 | |
| 13-40219 | |
| 13-10108 | |
| 13-50418 | |
| 13-30168 | |
| 13-40689 | |

13

Appendix C

Bankruptcy Petitions Filed by Voss

| Case Number | Dismissal and Pending Dismissals |
|---|---|
| 12-31612 | Failure to appear and lack of prosecution |
| 12-54796 | Failure to file documents |
| 12-46415 | Failure to file certificate of credit counseling |
| 12-47583 | Failure to file documents after order granting motion to extend deadline |
| 12-47830 | Failure to file certificate of credit counseling |
| 12-47834 | Failure to file documents |
| 12-32723 | Failure to file documents after order granting motion to extend deadline |
| 12-57768 | Failure to file documents after order granting motion to extend deadline |
| 12-33169 | Failure to file documents after order granting motion to extend deadline |
| 12-49209 | Failure to file documents |
| 12-59064 | Failure to file documents and failure to timely respond to order to show cause regarding failure to appear at scheduling conference |
| 12-33619 | Failure to file documents |
| 13-50058 | Failure to appear on order to show cause regarding failure to file documents; court retained jurisdiction for sanctions |
| 13-30030 | Failure to file documents after order granting motion to extend deadline |
| 13-40219 | Failure to file documents |
| 13-10108 | Failure to appear, false petition, pending case in another jurisdiction; dismissed with 1-year bar |
| 13-30136 | Failure to oppose Chapter 13 Trustee's motion to dismiss |
| 13-50418 | Failure to appear on U.S. Trustee's motion to dismiss; dismissed with 1-year bar |
| 13-30168 | Failure to provide Social Security number and list of creditors |

| | | |
|---|---|---|
| 1 | 13-40688 | Failure to pay filing fee |
| 2 | 13-40689 | Filing petition in violation of 180-day bar from Central District |
| 3 | 13-30324 | Pending motion to dismiss to be heard May 15, 2013 |
| 4 | 13-51042 | Pending order to show cause regarding failure to file Chapter 13 plan |
| 5 | 13-30467 | Failure to file documents after order granting motion to extend deadline |
| 6 | 13-41233 | Failure to appear on Chapter 13 Trustee's motion to dismiss; dismissed with 1-year bar |
| 8 | 13-51236 | Bad faith filing; dismissed with 180-day bar |
| 9 | 12-42407 | Voss indicated at 8/28/12 confirmation hearing that she would file motion for voluntary dismissal; Chapter 13 Trustee moved for dismissal 9/10/12 when no motion filed; court dismissed case 10/3/12 |
| 12 | TOTAL: | 27 CASES |

| Case Number | Pending Case Status |
|---|---|
| 12-56980 | Pending case before J. Johnson. Chapter 13 plan filed 10/29/12. No confirmation hearing scheduled but objection by Chapter 13 Trustee. 2 adversary proceedings filed – one remanded and the other dismissed. |
| 13-30267 | Pending case before J. Montali. Chapter 13 plan filed 2/26/13 but no confirmation hearing scheduled; order entered 3/16/13 confirming that no automatic stay is in effect as to US Bank. |
| 13-50789 | Filed 2/11/13 and transferred to Central District 3/22/13. |
| 13-30373 | Pending case before J. Blumenstiel. Petition filed 2/20/13 and Chapter 13 plan filed 5/8/13 but no confirmation hearing noticed. |
| TOTAL: | 4 CASES |

# Appendix D

## 2012 Cases Where Counsel Failed to Produce Original Signed Petition

| Case Number | Production from Voss |
| --- | --- |
| 12-31612 | Nothing produced |
| 12-54796 | Nothing produced |
| 12047583 | Nothing produced |
| 12-57768 | Photocopy produced |
| 12-59064 | Nothing produced |
| 12-33619 | Photocopy produced |